## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 1:12-CR-1 (WLS) |
| | : |
| ELBERT WALKER, JR., DARRYL BURK, and SHIRLEY DENISE BURK, | : |
| | : |
| Defendants. | : |

### ORDER

The Parties in the above-captioned case appeared March 8, 2013 for a pretrial conference. (*See* Docket.) During the hearing, Defendant Walker's counsel requested a continuance from the April 2013 trial calendar. The Court orally granted counsel's request for a continuance and ordered him to file a written motion for the record. Walker and the Government have now filed a Joint Request for Continuance. (Doc. 80.)

The Speedy Trial Act permits a district court to grant a continuance at the request of Defendant or his counsel, so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ragland*, 434 F. App'x 863, 866 (11th Cir. 2011). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice, whether the case is especially unusual or complex, or whether the case is unusual or complex enough that the failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. § 3161(h)(7)(B).

1

The Court finds that, in this case, the ends of justice served by granting a continuance outweigh the best interest of the public and Walker in a speedy trial. Based on counsel's representation, the complexity of this case, and the addition of charges and codefendants in the superseding indictment, the Court finds that the failure to grant a continuance would deny counsel for Walker the reasonable time necessary for effective preparation. That Defendant Walker is recently represented by substitute counsel is an additional factor affecting the Court's findings. Therefore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, shall be **EXCLUDED FROM COMPUTATION** pursuant to 18 U.S.C. § 3161(h)(7), for the aforementioned reasons. Accordingly, the case is hereby **CONTINUED** to the June trial term, beginning June 3, 2013, unless earlier ordered by the Court.

**SO ORDERED,** this  23rd  day of April 2013, *nunc pro tunc*, March 8, 2013.

                                   /s/ W. Louis Sands
                                   **THE HONORABLE W. LOUIS SANDS**
                                   **UNITED STATES DISTRICT COURT**