IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:12-cr-1 (WLS) |
| | : | |
| ELBERT WALKER, JR., DARRYL BURK, and SHIRLEY DENISE BURK, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are several motions from Defendants. Defendant Elbert Walker has filed a Motion to Suppress Evidence Seized. (Doc. 93.) Defendant Darryl Burk has filed a Motion to Suppress Statements (Doc. 92) and a Motion to Dismiss Indictment for Violation of Statute of Limitations (Doc. 96). Each of the Defendants has filed a Motion for a Pretrial *James* Hearing. (Docs. 91, 95, 98.) Based upon the reasons and the findings set forth below, Defendants' Motions are **DENIED**.

## PROCEDURAL HISTORY

Defendant Walker filed a Motion to Suppress Evidence (Doc. 93) on September 9, 2013. The Government filed a response on September 20, 2013 (Doc. 103). On September 9, 2013 Defendants Walker and Darryl Burk, filed Motions *in Limine* for a Pretrial *James* Hearing (Docs. 91, 95) and on September 16, 2013 Defendant Shirley Denise Burk filed her Motion for a Pretrial *James* Hearing (Doc. 98). The Government filed a response to each on September 20, 2014. On September 9, 2013 Darryl Burk also filed a Motion to Suppress

Statements (Doc. 92) and a Motion to Dismiss Indictment for Violation of Statute of Limitations (Doc. 96). The Government filed responses to each on September 30, 2013.

On August 27, 2014 the Court held a hearing on the above-listed motions. At the hearing, the Court heard testimony and arguments as to Darryl Burk's Motion to Suppress. The Parties agreed to forego oral argument on Walker's Motion to Suppress, the Motions for a Pretrial *James* Hearing, and Darryl Burk's Motion to Dismiss Indictment.

**DISCUSSION**

**I. Defendant Walker's Motion to Suppress Evidence Seized**

Defendant Walker filed a Motion to Suppress Evidence (Doc. 93.) The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Evidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The exclusionary rule, as it is known, is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect." *United States v. Calandra*, 414 U.S. 338, 348 (1974).

Defendant Walker's Motion seeks to suppress evidence seized during a search that allegedly occurred on June 4, 2012, the date of his arrest.[1] (Docs. 93 at 1; 103 at 1.) However, Defendant Walker's Motion does not assert that any evidence which might be excluded was actually seized during the alleged search of his home. (*See* Doc. 93.) Further, at the August 27, 2014 hearing Defendant Walker stipulated that no evidence was seized during the alleged

---

[1] Defendant Walker filed a Motion to Suppress evidence seized during searches that occurred on February 15, 2007 and December 1, 2011. (Doc. 23.) This Court denied that Motion on August 20, 2012. (Doc. 37.)

2

search. Since there was no evidence seized during the alleged search, Defendant Walker's Motion to Suppress (Doc. 93) is **DENIED** as moot.

## II. Defendant Darryl Burk's Motion to Suppress Statements

Defendant Darryl Burk moved to suppress statements allegedly made on four separate occasions that he further alleges were obtained in violation of his Fifth and Sixth Amendment rights. (Doc. 92 at 1.) Defendant D. Burk's Motion to Suppress only discusses two occasions on which he made statements to law enforcement officials. (*Id.* at 1-2.) Further, at the August 27, 2014 hearing, Defendant D. Burk's counsel noted that the Government only intends to introduce two statements made by Burk. Given that Defendant D. Burk has alleged no facts about two of the four statements, the Court will consider the Motion to Suppress as encompassing only the two statements discussed therein, specifically the statements made on June 21, 2002 at the Grady County Sheriff's Office and on February 15, 2007 at Defendant's residence.

At the August 27, 2014 hearing the Government identified four witnesses, Special Agents Stanley Burruss, Eric Van Ellison, and Bahan Rich and Officer Don Allen. The Government called Special Agents Van Ellison and Buruss and Officer Allen to testify, and Defendant D. Burk's counsel was given an opportunity to cross-examine each witness. The Government did not call Special Agent Rich because Defendant D. Burk stipulated that Rich's testimony would be substantially similar to that of the other witnesses'. Defendant, acknowledging his right to testify, chose not to testify at the hearing.

### A. Factual Findings

On June 21, 2002 Defendant D. Burk was approached by United States Secret Service Special Agent Stanley Burruss and U.S. Bureau of Alcohol, Tobacco, Firearms, and

3

Explosives Special Agent Bahan Rich at his place of employment, a salvage yard. The Agents explained that they were conducting an investigation and invited Defendant to follow them to a more appropriate place to talk, specifically the Grady County Sheriff's Department. In a separate car, Defendant followed the Agents to the Grady County Sheriff's Department. The Agents questioned Defendant for less than thirty minutes about a rubber stamp that was purchased by someone of Defendant's name. Defendant was not read his *Miranda* rights or placed under arrest. At no time was Defendant placed in a cell. Defendant did not request to speak with an attorney. At the close of questioning, Defendant left the Sheriff's Department.

On February 15, 2007 U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Eric Van Ellison, Georgia State Insurance Commissioner's Officer and State Fire Marshal's Office Arson Investigation Unit Officer Don Allen, and at least three other officers, including deputies from the Grady County Sheriff's Department, went to Defendant D. Burk's residence to execute a search warrant. Special Agent Van Ellison, Officer Allen, and one other officer entered the home. Inside the front room of the home, Defendant was asked to have a seat and was asked questions contained in an affidavit form produced by the Georgia Insurance and Safety Fire Commissioner's Officer. (Doc. 133-1.) Special Agent Van Ellison handwrote Defendant's answers on the affidavit form. Defendant refused to sign the affidavit. Defendant was not placed under arrest and was free to move around his home so long as the officers' safety was not jeopardized and the Defendant did not interfere with the execution of the search warrant. Defendant did not ask to speak with an attorney.

4

## B. Discussion

Just as evidence seized in violation of the Fourth Amendment must be suppressed under the exclusionary rule, confessions obtained in violation of the Fifth Amendment *Miranda* rights are similarly inadmissible under the exclusionary rule. *See United States v. Lall*, 607 F.3d 1277, 1291 (11th Cir. 2010) (citation omitted). The Fifth Amendment provides a right against self-incrimination and correspondingly requires that trial courts exclude from evidence any incriminating statements an individual makes before being warned of his rights to remain silent and to obtain counsel. *United States v. Luna-Encinas*, 603 F.3d 876, 880 (11th Cir. 2010). The entitlement to this warning attaches "when custodial interrogation begins." *Id.* (quoting *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004)); *see also United States v. Lopez-Garcia*, 565 F.3d 1306, 1316 (11th Cir. 2009). A "custodial interrogation" occurs whenever law enforcement officers question a person after taking that person into custody or otherwise significantly depriving a person of freedom of action. *Garcia v. Singletary*, 13 F.3d 1487, 1489 (11th Cir. 1994) (citing *Miranda*, 384 U.S. at 444). Where a defendant has moved to suppress a statement, the prosecution bears the burden of proving by a preponderance of the evidence that the statement was not obtained in violation of *Miranda*. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986).

Defendant asserts that his statements on both occasions were involuntary and the products of coercion and should therefore be excluded. (Doc. 92 at 4-5.) However, the Court finds that Defendant's *Miranda* rights did not attach in either circumstance because he was not subjected to custodial interrogation.

As to the June 21, 2002 questioning of Defendant by Special Agents Burruss and Rich at the Grady County Sheriff's Department, the Court finds that Defendant was not in custody

or under arrest and was free to leave. The facts that Defendant drove himself to the sheriff's department and left on his own support the finding that Defendant was not in custody. The Court further finds that Defendant did not request an attorney during the questioning. Defendant's statements during the June 21, 2002 questioning were therefore not obtained in violation of *Miranda*.

As to the February 15, 2007 questioning at Defendant's home by Special Agent Van Ellison and Officer Allen during the execution of a search warrant, the Court finds that Defendant was free to move about his home so long as the officers' safety was not jeopardized and Defendant did not interfere with execution of the search warrant. The Court further finds that Defendant did not request an attorney. Finally, the Court notes that the fact that Defendant chose not to sign the affidavit is evidence that Defendant was not under the control of the officers to the extent that he was deprived of freedom of action. Defendant's statements made during the February 15, 2007 questioning were therefore not obtained in violation of *Miranda*. Defendant Darryl Burk's Motion to Suppress Statements (Doc. 92) is **DENIED**.

### III.   Motions for a Pretrial *James* Hearing

Each of the Defendants in this case filed a Motion for a Pretrial *James* Hearing. (Docs. 91, 95, 98.) The Federal Rules of Evidence dictate that a "statement offered against an opposing party [that] was made by the party's coconspirator during and in furtherance of the conspiracy" is admissible as non-hearsay.  Fed. R. Evid. 801(d)(2)(E). To introduce statements of coconspirators, "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in

furtherance of the conspiracy." *United States v. Schlei*, 122 F.3d 944, 980 (11th Cir. 1997) (citing *United States v. Van Hemelryck*, 945 F.2d 1493, 1497-98 (11th Cir. 1991)). The coconspirator statements sought to be introduced may be used to establish those factors, which are referred to as "*Schlei* factors." *See Bourjaily v. United States*, 483 U.S. 171, 181 (1987).

Before a coconspirator statement may be introduced to a jury, the government must demonstrate, either in a pre-trial hearing or during the government's case-in-chief, "at least enough substantial, independent evidence of a conspiracy to take the issue to the jury, and that there is similarly substantial, independent evidence linking the defendant against whom the evidence is offered to the conspiracy." *United States v. Gold*, 743 F.2d 800, 813-14 (11th Cir. 1984) (citing *United States v. James*, 590 F.2d 575, 580-82 (5th Cir. 1979)). Before the jury retires to deliberate, the trial judge must make a factual determination that the prosecution has demonstrated the *Schlei* factors by a preponderance of the evidence. *Id.* at 814. If the government does not meet its burden under *Schlei*, the court may strike the evidence or give a cautionary instruction to the jury. *Id.* (citation omitted).

A *James* hearing derives its name from *United States v. James*, 590 F.2d 575 (5th Cir. 1979), which held that trial judges should, "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator." *Id.* at 582. Defendants argue that the Court should hold a *James* hearing before coconspirator statements are introduced to the jury because, without such a hearing, "it will be next to impossible to sort out which evidence actually should be considered applicable to some defendants and not others." (Docs. 91 at 4, 95 at 4, 98 at 4.)

Defendants acknowledge that a *James* hearing is not mandatory. (Docs. 91 at 3, 95 at 3; 98 at 3.) *See United States v. Espino-Perez*, 798 F.2d 439, 441 (11th Cir. 1986). Each

7

Defendant claims that the failure of this Court to hold a *James* hearing would "deny Defendant his rights to due process, to a fair trial and to confront and cross-examine witnesses under the Fifth and Sixth Amendments." (Docs. 91 at 4, 95 at 4, 98 at 4.) Defendants offer no particularized support for these contentions. Upon review of the record before the Court, and the arguments of the parties, the Court holds that a *James* hearing is not necessary to protect Defendants' rights. Instead, the Court will rule on the admissibility of coconspirator statements at trial. As such, Defendants' Motions for a *James* Hearing are **DENIED**. Nothing herein relieves the Government of its affirmative duty to establish the legal and factual basis for the admission of any purported coconspirator statement.

### IV. Defendant Darryl Burk's Motion to Dismiss Indictment

Defendant Darryl Burk moved to dismiss the indictment for violation of the applicable statute of limitations. (Doc. 96.) Darryl Burk asserts that the Government was required to bring an indictment against him for Conspiracy to Commit Bank Fraud and Arson within ten years of the date on which the offense was committed and for Conspiracy to Commit Mail, Bankruptcy, and Wire Fraud within five years of the date on which the offense was committed. (Doc. 96 at 3 (citing 18 U.S.C. Sections 3293, 3295, 3282).)

The statute of limitations for a charge of criminal conspiracy begins to run at the time the last overt act in furtherance of the conspiracy was committed. *United States v. Cola*, 719 F.2d 1120, 1124 (11th Cir. 1983). In the Eleventh Circuit, "a conspirator's participation in a conspiracy is presumed to continue until all activity relating to the conspiracy is ceased." *U.S. v. LeQuire*, 943 F.2d 1554, 1563-64 (11th Cir. 1991) (citing *United States v. Finestone*, 816 F.2d 583, 589 (11th Cir. 1987).

Darryl Burk was indicted on December 12, 2012. (Doc. 44.) Darryl Burk argues that all factual allegations that relate to him occurred no later than August 19, 2001. (Doc. 96 at 3.) He asserts that even if he did commit the specific overt acts alleged in the indictment, those acts are insufficient to establish his role as a conspirator in criminal acts that occurred after August 19, 2001. (Doc. 96 at 3.) The Government notes that the indictment alleges that in February 2006 Elbert Walker and Shirley Burk submitted with a loan application a false document saying Shirley was making payments on a used vehicle to a non-existent used car dealership located at the address where Darryl Burk was residing. (Docs. 105 at 1-2 n. 1, 44 at 12-13.) The Court finds, however, that this portion of the indictment does not allege any act by Darryl Burk. (*Id.*)

Nevertheless, the Court agrees with the Government's assertion that the most recent overt act in furtherance of the alleged conspiracy occurred on January 4, 2010, well within both statutes of limitations. (Doc. 105 at 2.) The indictment alleges that on January 4, 2010 Elbert Walker made a false sworn statement before a judge of this Court regarding the payment from SGE for the Oak Street property. (*Id.* at 11.) The indictment alleges that Darryl Burk committed an overt act with regard to the SGE payment, specifically obtaining a rubber stamp reading "SGE Mortgage Funding Corp." (*Id.* at 10.) The Court finds that under Eleventh Circuit precedent, the alleged conspiracy is presumed to have continued until the last overt act, which allegedly occurred on January 4, 2010. *LeQuire*, 943 F.2d at 1563-64. The charges against Darryl Burk were brought within the statutes of limitations for Conspiracy to Commit Bank Fraud and Arson and Conspiracy to Commit Mail, Bankruptcy, and Wire Fraud. Therefore, Darryl Burk's Motion to Dismiss the Indictment (Doc. 96) is **DENIED**.

9

## CONCLUSION

Defendant Walker's Motion to Suppress Evidence Seized (Doc. 93) is **DENIED** as moot. Defendant Darryl Burk's Motion to Suppress Statements (Doc. 92) is **DENIED.** Defendants' Motions for a *James* Hearing (Docs. 91, 95, 98) are **DENIED**. Defendant Darryl Burk's Motion to Dismiss the Indictment (Doc. 96) is **DENIED**.

**SO ORDERED**, this 8th day of September, 2014.

>/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**